FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 07, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID SCOTT LEWIS,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:17-CV-00091-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11 & 12. Mr. Lewis brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C § 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Mr. Lewis' Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

## I. Jurisdiction

Mr. Lewis filed his application for Supplemental Security Income on August 24, 2012. AR 24, 192-98. His alleged onset date of disability is May 8, 2008. AR 24, 192. Mr. Lewis' application was initially denied on January 3, 2013, AR 135-38, and on reconsideration on July 2, 2013, AR 144-47.

A hearing with Administrative Law Judge ("ALJ") Jesse Shumway occurred on July 17, 2015. AR 51-110. On September 1, 2015, the ALJ issued a decision finding Mr. Lewis ineligible for disability benefits. AR 24-35. The Appeals Council denied Mr. Lewis' request for review on January 1, 2017, AR 1-4, making the ALJ's ruling the "final decision" of the Commissioner.

Mr. Lewis timely filed the present action challenging the denial of benefits, on March 10, 2017. ECF No. 3. Accordingly, Mr. Lewis' claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant Gallo in the

national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Mr. Lewis was 26 years old on the date the application was filed. AR 34, 192. He has at least a high school education. AR 34. Mr. Lewis is able to communicate in English. *Id*. Mr. Lewis has no past relevant work. *Id*.

### V. The ALJ's Findings

The ALJ determined that Mr. Lewis was not under a disability within the meaning of the Act from August 24, 2012, the date the application was filed, through the date of the ALJ's decision. AR 24, 35.

**At step one**, the ALJ found that Mr. Lewis had not engaged in substantial gainful activity since August 24, 2012 (citing 20 C.F.R. § 416.971 *et seq*.). AR 26.

**At step two**, the ALJ found Mr. Lewis had the following severe impairments: degenerative disc disease of the lumbar spine, obesity, antisocial personality disorder, bipolar disorder, depressive disorder, and generalized anxiety disorder (citing 20 C.F.R. § 416.920(c)). AR 26.

At **step three**, the ALJ found that Mr. Lewis did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 27.

**At step four**, the ALJ found Mr. Lewis had the residual functional capacity to perform sedentary work with the following specifications: he can only sit one hour at a time, followed by two to three minutes of standing or stretching; he can only stand or walk 15 minutes at a time; he cannot climb ladders, ropes, or scaffolds, and can only occasionally perform all other postural activities; he can have no exposure to vibration or hazards such as unprotected heights and moving mechanical parts; he is limited to simple, routine and detailed tasks with a reasoning level of three or less; he is capable of only simple decision-making in a predictable environment with only occasional routine changes; he cannot interact with the public; he can have only occasional interaction with supervisors and coworkers. AR 29.

The ALJ determined that Mr. Lewis does not have any past relevant work. AR 34.

**At step five**, the ALJ found that, in light of his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. AR 34-35. These include, escort vehicle driver, assembler, and surveillance system monitor. AR 35.

## VI. Issues for Review

Mr. Lewis argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) failing to fully and fairly develop the record; (2) improperly discrediting Mr. Lewis' subjective complaint testimony; and (3) improperly assessing Mr. Lewis' residual functional capacity, and failing to identify jobs, available in significant numbers, that Mr. Lewis could perform despite his functional limitations.

## VII. Discussion

**A. The ALJ Did Not Fail to Fully and Fairly Develop the Record.**

Mr. Lewis argues the ALJ failed to meet his duty to develop the record by not calling a medical expert to testify at the hearing regarding whether the medical evidence in the record of Mr. Lewis' lumbar impairments is sufficient to meet Listing 1.04 of the Secretary's Listings of Impairments.

In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983). The regulations provide that the ALJ may attempt to obtain additional evidence when the evidence as a whole is insufficient to make a disability determination, or if after weighing the evidence the ALJ cannot make a disability determination. 20 C.F.R. § 404.1527(c)(3); see also 20 C.F.R. § 404.1519a. Importantly, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001); *Tonapetyan*, 242 F.3d at 1150. "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at 1150 (citing *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)).

The ALJ did not fail to develop the record in the case at hand. The record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the disability claim. Substantial evidence supports the ALJ's decision

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

that Mr. Lewis is not disabled. Additionally, the record contains multiple medical reports and imaging of Mr. Lewis' lumbar spine recording generally benign, mild, and normal findings that support the ALJ's decision that this impairment does not meet Listing 1.04. AR 27-28, 418, 419, 439, 449, 678, 649.

Accordingly, the ALJ's duty to further develop the record was not triggered, the evidence is not ambiguous or inadequate, and the ALJ did not err. M*ayes*, 276 F.3d at 459–60; *Tonapetyan*, 242 F.3d at 1150.

**B. The ALJ Properly Discounted Mr. Lewis' Credibility.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and

other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Mr. Lewis alleges; however, the ALJ determined that Mr. Lewis' statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 30. The ALJ provided multiple clear and convincing reasons for discrediting Mr. Lewis' subjective complaint testimony. AR 30-34.

First, the ALJ states that Mr. Lewis' treatment history undermines his allegations of completely disabling limitations. AR 31, 33. The ALJ noted a failure to seek and follow treatment and counseling, and improvement of Mr. Lewis' symptoms when treatment was followed. AR 31, 350, 435, 636. A claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114. "Unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt on the sincerity of [a] claimant's [] testimony."

*Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Notably, Mr. Lewis does not contest this reason the ALJ provided for discounting his credibility.

Second, the ALJ noted that Mr. Lewis' activities did not support his allegations of total disability. AR 28, 34. Examples include, caring for his personal hygiene, preparing meals, performing household chores, handling finances independently, shopping in stores, driving a car, walking five to ten blocks, and working at a car service shop. AR 28, 223, 432, 450, 456, 460. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Again, Mr. Lewis does not contest this reason the ALJ provided for discounting his credibility.

Third, the ALJ detailed inconsistencies between Mr. Lewis' allegations of total disability and the medical records demonstrating normal or mild findings. *See* AR 30-34. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a claimant's

allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan*, 242 F.3d at 1148.

Fourth, the ALJ also noted the lack of work and sporadic work prior to the application date. AR 34, 223. If an individual has shown little propensity to work throughout her lifetime, an ALJ may find his testimony that he cannot work now less credible. *Thomas*, 278 F.3d at 959. This reason the ALJ provided for discounting Mr. Lewis' credibility is also not challenged.

Fifth, the ALJ discounted Mr. Lewis' credibility due to his unpersuasive appearance and demeanor while testifying at the hearing. AR 34. The ALJ noted that Mr. Lewis sat through the one-hour hearing without any significant pain behavior. An ALJ may rely on ordinary techniques of credibility evaluation. *Tommasetti*, 533 F.3d at 1039. Mr. Lewis does not contest this reason provided by the ALJ for discounting his credibility.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting Mr.

Lewis' credibility because the ALJ also properly provided multiple clear and convincing reasons for doing so.

### C. The ALJ properly assessed Mr. Lewis' residual functional capacity and did not err at step five of the sequential evaluation process.

Mr. Lewis argues that his assessed residual functional capacity and the resulting step five finding did not account for all of his limitations. Specifically, Mr. Lewis contends that the assessed residual functional capacity is incomplete because it includes some, but not all, of the limitations he suggested in his testimony. However, the Court has already found no error in the ALJ's treatment of the above disputed credibility determination. *See supra* at 10-14. Additionally, the ALJ's determination is supported by the opinions of the medical experts, including the medical expert who testified at the hearing, none of which is contested by Mr. Lewis. The ALJ's decision is supported by substantial evidence and the ALJ appropriately constructed Mr. Lewis' residual functional capacity.

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work available in significant numbers in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in

"significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012). If the limitations are non-exertional and not covered by the grids, a vocational expert is required to identify jobs that match the abilities of the claimant, given [his] limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995).

Mr. Lewis briefly contends that the ALJ failed to identify jobs available in significant numbers that Mr. Lewis could perform despite his functional limitations because not every limitation suggested by Mr. Lewis was included. The Court will uphold the ALJ's findings when a claimant attempts to restate the argument that the residual functional capacity finding did not account for all limitations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

The ALJ properly framed the hypothetical question addressed to the vocational expert. Additionally, the vocational expert identified jobs in the national economy that exist in significant numbers that match the abilities of Mr. Lewis, given his limitations. Thus, the Court finds the ALJ did not err in assessing Mr. Lewis' residual functional capacity and the ALJ properly identified jobs that Mr. Lewis could perform despite his limitations.

\\

\\

\\

# VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 12,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 7th day of February, 2017.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge
